## ADAM J. McLELLAND v. JAMES B. SHAW AND ANOTHER.

The Act of 11th February, 1850, for the relief of the persons taken prisoners by the Mexican army at San Antonio, did not embrace those persons who were only detained at San Antonio during the presence of the Mexican army, and released upon its departure.

See this Act as to the right and duty of the heads of departments in construing Acts of the Legislature which refer to well known historic facts.

Appeal from Travis.

*I. A. & G. W. Paschal*, for appellant.

*Attorney General* and *Brewster & West*, for appellees.

WHEELER, J. In deciding upon the right of the plaintiff to a mandamus, it becomes necessary for the Court judicially to

determine his title. It was necessary to look to the evidence to see whether he was one of the persons entitled to claim the benefits conferred by the Act of the 11th of February, 1850. (Hart. Dig. Art. 2713.) And the only question presented by this appeal is, whether the Court erred in holding that he was not; for if not, there can be no question that the mandamus was rightly refused.

The descriptive words used to designate the beneficiaries in the Act, are, "persons captured by the Mexican army at San Antonio in the year 1842," who, it is provided, "shall be entitled to receive compensation," at a sum stated, "per month, "from the time of their capture until the final release of the "main body of said prisoners by the Mexican Government." The language of the Statute is very general and indefinite. Its allusions to well known historic facts, presuppose such a general acquaintance with them, as to dispense with the necessity, on the part of the Legislature, of being more specific in respect to the persons for whom, on what account, or for what period of actual imprisonment, compensation was provided. To understand its scope and intention, it was necessary to look to facts outside of the provision. For the Act presupposes an acquaintance with those facts, on the part of those who are charged with its execution; and without such acquaintance, it would be impossible to comprehend the meaning and intention of the Legislature. The well known facts, to which reference is had in the Act, are, that, in 1842, the Mexican army made a hostile incursion into this country, took a number of our citizens prisoners at San Antonio, and carried them away captive into Mexico; some of whom made their escape by the way, or from their prisons, in Mexico, and others were released, before the final release of the main body of the prisoners, by the Mexican authorities. Referring to these facts, the intention of the Act of the Legislature is rendered clear and manifest. It is evident its benefits were intended for those persons who were thus taken and carried away prisoners from San Antonio, and

for none other. In view of the facts which led to the passage of the Act, it cannot be supposed it was intended, that its provisions should extend to and embrace all those persons, who may have been under temporary duress, or arrest and detention in San Antonio, during the brief stay of the army, and who were released upon their retreat from the place. It cannot be supposed it was intended to place them upon an equal footing, as being alike entitled to the compensation provided, with those who endured the toils, hardships and privations, and the unparallelled sufferings and indignities, incident to their being carried away as prisoners of war, and compelled to undergo a protracted incarceration in the prison-houses and dungeons of Mexico. Such a supposition would be shocking to common sense; and too revolting to the sense of justice, by which we must suppose the Legislature to have been actuated, to be entertained.

Neither was the Court, nor the Auditor and Comptroller required to place a construction upon the Act of the Legislature, which would lead to a consequence so repugnant to the common sense understanding of the provisions of the Act, and so derogatory to the wisdom and sense of justice of the Legislature. They were required to look, not only to the words of the Act, but to the notorious facts which led to its enactment; so to construe its provisions, in reference to those facts, as to carry out and give effect to its well known meaning and intention, in the just and true spirit of the enactment. Because, by reason of the generality of the language, its most obvious merely literal construction might be different from its known object and intention, they were not therefore to disregard these and adhere to a merely literal construction, which would do violence to the manifest design and object of the provision. They were not required to ignore the well known historic facts to which the Act itself makes express reference. But the language and provisions of the Act are sufficiently suggestive of its true meaning and intention, to place that question beyond

a doubt. Its beneficiaries were, by its terms, to receive " com-
pensation, at the rate of twenty dollars and fifty cents per
month." Surely it was not intended thus to compensate per-
sons, by the month, for a few days detention at their residence
in San Antonio. The avowed purpose of the Legislature was
to make compensation. However inadequate it may appear ;
or, indeed, however impracticable it may have been to make
anything like an adequate compensation for the toils and pri-
vations endured, compensation was the object proposed, by the
payment of a sum stated per month. And the period of its
duration was to be computed from the time of their capture at
San Antonio, " until the final release of the main body of said
prisoners by the Mexican Government." That was doubtless
adopted as the most just and convenient general rule ; because,
it was supposed, it would ascertain, with certainty, the precise
period, as applicable to the case of the greater number, during
which it was proposed to give compensation ; and because, it
was thought, doubtless, that injustice might be done, by at-
tempting to discriminate between those who were finally re-
leased in a body, and those who had previously been released,
through whatever agency, or who had effected their escape.
But that these provisions could never have been made or in-
tended for the compensation of those who were only detained
at San Antonio, during the presence of the army, and were re-
leased upon their departure, seems evident, from the character
and terms of the provisions themselves.

We are of opinion that the Court did not err in adjudging
that the appellant was not entitled to the benefits conferred
by the Act ; and consequently, that the mandamus was rightly
refused, and the petition dismissed. The judgment is affirmed.

Judgment affirmed.